UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MAXIMINO SOLORIO SANCHEZ, et al.,<br><br>Defendants. | Case No.  24-cr-00019-PCP<br><br>**PRETRIAL ORDER** |

Based on the trial setting conference held on January 27, 2026 and the parties' stipulated pretrial schedule, the Court orders the following modifications to the trial schedule for this case. Trial is set for January 25, 2027, beginning at 9:30am, in Courtroom 8 of the Robert F. Peckham United States Courthouse, 280 South 1st Street, San José, California 95113. This order sets out additional filing requirements and trial logistics in advance of these proceedings. All submissions required by this order shall by the applicable deadline be filed on the public docket and emailed, in editable Microsoft Word form, to pcppo@cand.uscourts.gov and pcpchambers@cand.uscourts.gov.

**I.     Pretrial Conference**

A pretrial conference is set for Wednesday, November 18, 2026 at 10:00am. The parties shall follow the requirements of Criminal Local Rule 17.1-1, as supplemented below. The government and, to the extent consistent with defendants' right to an effective defense, defendants shall do the following by November 10, 2026:

(i)     Serve and file a trial memorandum that briefly states the legal bases for the charges and anticipated evidence, and addresses any evidentiary, procedural, or other anticipated legal issues;

(ii)    Serve and file a witness list that includes a brief summary of the testimony of each witness;

(iii)   Serve and file exhibit lists and serve copies of all marked exhibits on all parties, as discussed in section IV below;

(iv)    Submit a joint list of all people involved in this case (including counsel, parties, and potential witnesses) to be shared during jury selection;

(v)     Submit an agreed-upon set of up to nine additional questions to be added to the Court's standard questionnaire for prospective jurors, which is available at https://cand.uscourts.gov/forms/prospective-juror-questionnaire-criminal. This online questionnaire, including the additional questions agreed upon by the parties, will be sent to prospective jurors before jury selection;

(vi)    Submit an agreed-upon set of additional requested voir dire questions to be posed by the Court. Any voir dire questions on which counsel cannot agree shall be submitted separately. Voir dire by counsel will usually be limited to twenty minutes per side; and

(vii)   Meet and confer and be prepared to discuss with the Court at the pretrial conference any pretrial motions, anticipated evidentiary objections, and means for shortening and simplifying the trial (by stipulating to such matters as chain of custody, nature of substances, use of the mails, etc.).

## II.    Motions *in Limine*

A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n.2 (1984). Each party may submit up to five motions *in limine*, each addressing a single, separate topic. Should the parties need to seek relief from the five-motion limit, they must do so by October 7, 2026. Motions shall be identified as "[Party's] Motion in Limine No. [number] re: [topic]." Briefing is limited to five pages per side, and reply briefs are not permitted. Motions shall be filed by October 21, 2026, and opposition briefs shall be filed by November 4, 2026. The parties may stipulate to an extended briefing schedule by filing such stipulation with the Court.

United States District Court
Northern District of California

### III.    Jury Instructions & Verdict Form

The parties shall jointly prepare a set of jury instructions, and shall file the proposed instructions by no later than November 10, 2026. Proposed instructions should follow the Ninth Circuit Model Jury Instructions to the extent possible, and any deviations must be indicated. Undisputed instructions shall be identified as "Stipulated Instruction No. [number] re: [subject]." Disputed instructions shall be identified as "Disputed Instruction No. [number] re: [subject] offered by [party]," with different proposals of the same instruction bearing the same number. For any disputed instruction (or any instruction which a party believes should not be given), each party may file a one-page statement supporting their position.

If the parties wish to have a preliminary statement read to the jury, and/or preliminary instructions given to the jury, they shall jointly prepare and file the text of the proposed preliminary statement and/or preliminary instructions by no later than November 10, 2026.

The parties shall also meet and confer and file a joint proposed verdict form, if they can reach agreement, by no later than November 10, 2026. If after a good faith effort to meet and confer the parties cannot agree on a joint form, the parties may submit separate proposed verdict forms. If the verdict form is disputed, each party shall explain in no more than one page why its proposed verdict form should be given.

### IV.    Exhibits

The government and, to the extent consistent with defendants' right to an effective defense, defendants shall provide every other party with one set of all proposed exhibits, charts, schedules, summaries, diagrams, and other similar documentary materials to be used in its case in chief at trial, together with a complete list of all such proposed exhibits, by no later than November 10, 2026. Voluminous exhibits shall be reduced by elimination of irrelevant portions or through the use of summaries. Exhibits shall be numbered (not lettered) sequentially, with each exhibit identified as "Trial Exhibit No. [number]." Defendants' exhibit numbers shall be sequenced to begin after the government's exhibit numbers.

Before submitting trial exhibits, the parties shall meet and confer in person to consider

exhibit numbers, eliminate duplicates, and minimize confusion, and make a good-faith effort to stipulate to admissibility. At minimum, absent a legitimate objection, the parties shall make every effort to stipulate to authenticity and foundation.

In addition to the exhibit list, counsel shall confer with respect to any other objections to exhibits in advance of the pretrial conference. Each party shall file a statement briefly identifying each item objected to, the grounds for the objection, and the position of the offering party by no later than November 10, 2026.

Each exhibit shall be tagged as follows:

United States District Court
Northern District of California

**Trial Exhibit No. 100**

Case No. 24-cr-019-PCP
Date Entered: _____
By: _____
*Deputy Clerk*

Exhibit tags should be placed in the bottom right corner of the front page of each exhibit if possible, or otherwise in the bottom left corner of the back of the last page. If possible, tags should be printed on yellow paper or another light color that stands out but still allows for photocopying.

At least five days prior to the commencement of trial, the parties shall deliver to the Courtroom Deputy two USB drives that each contain one set of exhibits, with each exhibit as a separate file. Files should be named so that the exhibits are listed sequentially when the files are sorted by name. With the USB drives, the parties shall include a tabular index of all exhibits. The table shall include the following columns: (a) exhibit number, (b) brief description, (c) purpose and sponsoring witness, (d) any objections, (e) response to any objections, (f) whether the parties stipulate to the exhibit's authenticity, (g) whether the parties stipulate to the exhibit's admissibility. The Court strongly encourages the parties to reach agreement on as many documents as possible.

In lieu of filing a paper copy of every trial exhibit, the parties must instead bring a paper

4

copy of any exhibit they plan to present at trial on the day they present it. The parties should plan to make such paper copies available for the Court's use if requested.

## V.    Schedule and Deadlines

Based on the parties' agreement, the Court enters the following dates and times for hearings and filing deadlines:

| EVENT | DATE |
|---|---|
| Filing of any Fed. R. Crim. P. 12 motions | May 29, 2026 |
| Deadline for government's disclosure of proposed Rule 404(b) material, co-conspirator statements, and government experts | July 30, 2026 |
| Deadline for defendants' Fed. R. Crim. P. 16 disclosures, including expert disclosures<br><br>Deadline for defendants' Fed. R. Crim. P. 12.1 and 12.2 notices | August 31, 2026 |
| Deadline for government to provide defendants transcripts of conversations or statements to be shown to the jury and Jencks Act disclosures<br><br>Exchange of preliminary witness and exhibit lists | October 7, 2026 |
| Filing of pretrial motions, including:<br>Motions *in limine*<br>Motions to exclude co-conspirator statements<br>*Daubert* motions or other motions directed at expert testimony<br>Motions to exclude or include Rule 404(b) acts<br>Motions directed at the accuracy of translations or transcripts of recordings to be shown to the jury | October 21, 2026 |
| Filing of oppositions to pretrial motions, including oppositions to motions *in limine* and *Daubert* motions | November 4, 2026 |
| Filing of:<br>Joint pretrial conference statement<br>Joint proposed jury instructions<br>Joint proposed case-specific questions for juror questionnaire<br>Statement of the case<br>Stipulations<br>Witness lists<br>Exhibit lists and objections<br>Trial memorandum<br>Government's proposed verdict form | November 10, 2026 |
| **Pretrial Conference** | **November 18, 2026** |
| Filing of final exhibit and witness lists | January 18, 2027 |

United States District Court
Northern District of California

| Exchange of opening statement demonstratives | January 24, 2027 |
| --- | --- |
| **Jury Trial** | **January 25, 2027** |

## VI.    Trial Logistics

Requests for a daily transcript or real-time reporting, if desired, must be arranged before the date of the pretrial conference through the Court's website, https://cand.uscourts.gov/about/clerks-office/transcripts-court-reporters/transcript-forms/.

Counsel must clearly announce the number of any exhibit used during proceedings. The parties should plan to present evidence using the available courtroom technology. The parties must provide agreed-upon transcripts of any audio or video exhibits used at trial by the day offered.

Counsel should move exhibits into evidence as soon as foundation is laid. At the end of each trial day, counsel shall consult with each other and the Courtroom Deputy about which exhibits are in evidence and any limitations. Disagreements must be brought to the Court's attention. At the close of evidence and before closing arguments, counsel must confer with the Courtroom Deputy to make sure the exhibits in evidence are in good order. Counsel must jointly provide a revised index of all exhibits actually in evidence, stating (a) the exhibit number, and (b) a brief neutral description of the contents. This index will be provided to assist the jury.

The party presenting evidence shall give the other parties 24 hours' written notice of the witnesses to be called and any exhibits to be used during direct examination unless otherwise agreed upon by the parties themselves. For Monday witnesses, notice must be given by noon on the prior Saturday. Counsel shall, by 6:00 P.M. on the day preceding each trial day, notify the Court of: (1) the list of planned witnesses in the order that they will be called, (2) the list of any exhibits to be offered and whether the parties stipulate to their admissibility and authenticity, and (3) a separate list of any objections to witnesses or exhibits that may be called or offered into evidence. Counsel shall provide these lists to the Court by emailing pcpcrd@cand.uscourts.gov, pcppo@cand.uscourts.gov, and pcpchambers@cand.uscourts.gov. Please specify in the email whether and which witnesses will be appearing remotely and include a copy of any exhibit to which there are objections.

**IT IS SO ORDERED.**

Dated: April 10, 2026

_____
P. Casey Pitts
United States District Judge